1  David L. Ross (FL BAR 337110)
   Law Offices of David L. Ross, P.A.
2  9454 Wilshire Blvd., Penthouse Suite
   Beverly Hills, CA 90212
3  MAILING ADDRESS:
   P.O. Box 18137
4  Beverly Hills, CA 90209
   TEL:   (310) 860-9620
5  FAX:   (310) 860-9624
   EMAIL: dross@rrhlaw.com
6

**FILED**

AUG 2 2 2012

RICHARD W. WIEKING
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

7
   Attorneys for Petitioner
8  HERGUAN UNIVERSITY, and
   JERRY YUN FEI WANG
9

10  ADR        **IN THE UNITED STATES DISTRICT COURT**

11           **FOR THE NORTHERN DISTRICT OF CALIFORNIA**

12

| 13 | HERGUAN UNIVERSITY, and | ) | Case No. **CV 12 - 0 4 4 0 3** |
| 14 | JERRY YUN FEI WANG | ) | |
| 15 | Petitioners, | ) | **PETITIONER'S EX PARTE** |
| 16 | v. | ) | **APPLICATION TO HEAR** |
| 17 | | ) | **MOTION FOR TEMPORARY** |
| 18 | IMMIGRATION AND CUSTOMS | ) | **RESTRAINING ORDER** |
| 19 | ENFORCEMENT (ICE), AND STUDENT | ) | |
| | AND EXCHANGE VISITOR PROGRAM | ) | |
| 20 | (SEVP) | ) | |
| 21 | Respondents. | ) | |
| 22 | | ) | |

23        Petitioners, HERGUAN UNIVERSITY (hereinafter "HERGUAN") and JERRY YUN FEI

24  WANG (hereinafter "WANG"), hereby submit this ex parte application to hear its Motion for a

25  Temporary Restraining Order.  Petitioner HERGUAN is in immediate danger of losing all of its

26  assets and being closed down due to Respondents' failure to permit Petitioner to have a Designated

27  School Official ("DSO") to administer the Student and Exchange Visitor Information Service

28  ("SEVIS") and access to SEVP, a mandatory prerequisite for maintaining its F-1 visa foreign

1   students at Petitioner's University in accordance with its approved I-17 petition permitting it to

2   enroll and educate foreign students. In an ultra vires act, Respondents have told Petitioners' students

3   that they must leave Petitioner's University even though its I-17 petition is still valid.[1] Furthermore,

4   without a PDSO and DSO's the students can not remain at Petitioner's University and are

5   transferring en masse leaving the university with no students. See EXHIBIT '1' (Declaration of Jerry

6

7   Yun Fei Wang).

8       Additionally, Respondents have issued a Notice of Intent to Withdraw the I-17 approval of

9   Petitioner, and given Petitioners thirty (30) days from August 2, 2012,[2] in which to present all school

10  documentation in rebuttal thereof.[3] See EXHIBIT '4' (Notice of Intent to Withdraw). This Notice

11

---

12  [1]ICE had no basis for communicating this to the students since an I-17 is valid until
    withdrawn, and only AFTER the Petitioner is accorded full due process rights to respond, be
13  interviewed, and have the matter reviewed both by SEVP and by administrative appeal. This is
    normally a lengthy process. However, in the instant matter, Respondents are attempting to
14  circumvent this process by preventing the University from accessing SEVP and SEVIS by
    summarily baring Petitioner WANG from accessing his PDSO ID and Password and holding up for
15  more than a year designation of the other two (2) DSO's. See 8 C.F.R. 214.4(i)(1)(&(2) which states
    in pertinent part, "...SEVP will not determine a SEVIS access termination date for that school until
16  the appeals process has concluded and the...withdrawal has been upheld unless a school whose
    certification is withdrawn...is suspected of criminal activity..." Either way, by its own regulations,
17  SEVP cannot terminate access to SEVIS (as was done to Petitioner by removing Mr. Wang's access
    to his SEVP ID and Password) until, at the very minimum, the I-17 certification is withdrawn, even
18  if the school is suspected of criminal activity - which it is not. In the instant matter, the I-17
    certification has not been withdrawn - the initial process to do so has only just begun, assuming
19  service of the Notice of Intent to Withdraw is valid. And, per 8 C.F.R. 214.3(l)(1)(ii) the school
20  must have a DSO to operate where there are foreign students on F-1 visas. Petitioners aver that
    Respondents are attempting to summarily close Petitioner's University without due process and in
21  violation of the Equal Protection Clause. Petitioner is an unaccredited University and of Chinese
    national origin. Under ICE regulations, unaccredited universities are accorded the same I-17 rights
22  and SEVIS access as accredited universities.
23

24      [2]The Notice of Intent to Withdraw is undated but was presented to Jerry Yun Fei Wang while
    he was physically restrained and under arrest by ICE and forced under duress and threat to
25  acknowledge receipt. Although Mr. Wang was under arrest and restrained, he was not accorded
    Miranda rights before being presented with the said Notice of Intent. It is Petitioner's intent to
26  challenge the validity of service of this Notice.
27

28      [3]The allegations which mirror the criminal indictment concern charges that Jerry Yun Fei
    Wang before February of 2011 allowed others to access his ID and Password for school business -

1  was issued notwithstanding the fact that on August 2, 2012, Respondents, pursuant to a Search

2  Warrant issued July 31, 2012, confiscated Petitioner's computers and documents and, as such,

3  Petitioner is unable to respond to the said Notice of Intent. See EXHIBIT '5' (Search Warrant and

4
5  Search Warrant Inventory).   Petitioner WANG is in immediate danger of losing his Fifth

6  Amendment rights by being compelled to respond to the said Notice of Intent to Withdraw, as he

7  is the Principal DSO of the University, after having been indicted for acts specifically alleged in the

8  Notice of Intent. See EXHIBIT '6' (Indictment).

9       Petitioners respectfully request an immediate hearing in this matter.  Petitioners seek to

10  enjoin ICE and SEVP from requiring Petitioners to respond by September 1, 2012, to the Notice of

11  Intent to Withdraw, and hold the said Notice of Intent in abeyance until the criminal proceeding is

12
13  completed. Furthermore, Petitioners seek to have this Honorable Court enjoin SEVP from denying

14  JERRY YUN FEI WANG the right to continue operating as Petitioner's DSO with full access to his

15  ID and Password, and from refusing to complete the designation of Petitioner's two (2) other DSO

16  applicants.

17  Respectfully Submitted,

18  Dated: August 22, 2012
19
20                                        DAVID L. ROSS, Attorney for
                                          HERGUAN UNIVERSITY and
21                                        JERRY YUN FEI WANG

22

23

24
   _____
25  see EXHIBIT '2' (SEVIS Password Security Policy Directive) which created a policy (not statutory
   or regulatory) as of March 14, 2011, not to permit DSO's to allow others to use their access to
26  SEVIS, as well as permitting curricular practical training (CPT) for students not at the Petitioner's
   University for 1 year - see EXHIBIT '3' (8 C.F.R. 214.2(f)(10)(i) which does not mandate the 1 year
27  be at the same school and states in pertinent part, "Exceptions to the one academic year requirement
   are provided for students enrolled in graduate studies that require immediate participation in
28  curricular practical training." Petitioner issues only graduate degrees.

                                          - 3 -

1  David L. Ross (FL BAR 337110)
   Law Offices of David L. Ross, P.A.
2  9454 Wilshire Blvd., Penthouse Suite
   Beverly Hills, CA 90212
3  MAILING ADDRESS:
4  P.O. Box 18137
   Beverly Hills, CA 90209
5  TEL:   (310) 860-9620
   FAX:   (310) 860-9624
6  EMAIL: dross@rrhlaw.com

7
   Attorneys for Petitioner
8  HERGUAN UNIVERSITY, and
   JERRY YUN FEI WANG
9

10              IN THE UNITED STATES DISTRICT COURT

11            FOR THE NORTHERN DISTRICT OF CALIFORNIA

12

13  HERGUAN UNIVERSITY, and          )      Case No.
    JERRY YUN FEI WANG               )
14                                   )
                                     )
15       Petitioners,               )
                                     )
16       v.                          )      **PETITIONER'S APPLICATION**
                                     )      **TO HEAR MOTION FOR**
17                                   )      **TEMPORARY RESTRAINING ORDER**
                                     )
18  IMMIGRATION AND CUSTOMS          )
    ENFORCEMENT (ICE), AND STUDENT   )
19  AND EXCHANGE VISITOR PROGRAM     )
    (SEVP)                           )
20                                   )
                                     )
21       Respondents.               )
                                     )
22  _____  )

23

24

25                        **INTRODUCTION**

26       Comes now Petitioner, by and through his undersigned counsel, and respectfully requests

27  this Court to grant a temporary restraining order enjoining Respondents from requiring Petitioners

28
                                      - 4 -

1   to respond by September 1, 2012, to the Notice of Intent to Withdraw, and hold the said Notice of

2   Intent to Withdraw in abeyance until the criminal proceeding is completed. Furthermore, Petitioners

3   seek to have this Honorable Court enjoin SEVP from denying Petitioner WANG the right to

4   continue operating as Petitioner's DSO with full access to his ID and Password, and from refusing

5   to complete the designation of Petitioner's two (2) other DSO applicants, Kalpana Wunnava and

6

7   Marylou Bernales.

8

9                                     **ARGUMENT**

10          Pursuant to Federal Rules of Civil Procedure 65, the standard for granting a temporary

11   restraining order without written or oral notice to the adverse parties' attorney if it clearly

12   appears that immediate and irreparable harm will result to the moving party before the non-

13   moving party can be heard in opposition, and the moving party's attorney certifies to the court

14   the efforts made to give notice and that actual notice was given.

15

16          Immediate and irreparable harm to Petitioner, the moving party, will occur if this

17   Honorable Court does not grant his application for a Temporary Restraining Order.   Petitioner

18   is in immediate danger of losing its assets and experiencing the closure of its University.

19   Petitioner has foreign students enrolled in graduate studies programs and relies on its ability not

20   only to issue Respondents' I-20 forms permitting these foreign students to study but must

21   comply with SEVP and SEVIS regulations by constantly updating student and University

22   information through Respondents' I-17 SEVIS program. Regulations set forth at 8 C.F.R.

23   214.3(l)(ii) mandate that each school have at all times a Designated School Official (DSO) to

24   access the system.  Respondents have stopped Petitioners from accessing the system by denying

25   Mr. Wang use of his SEVP ID and Password.

26

27          On the other hand, no harm to the Respondents will result if a TRO is issued precluding

28

them from holding the I-17 Notice of Intent to Withdraw in abeyance and permitting WANG to operate as DSO with access to his ID and Password until such time as the issues raised by Petitioners can be heard.  In balancing the equities of whether to grant the temporary restraining order, the equities tip sharply in Petitioners' favor.  Petitioners aver that Respondents are attempting to summarily close Petitioner's University without due process and in violation of the Equal Protection Clause.  Petitioner is an unaccredited University and of Chinese national origin.  Under ICE regulations, unaccredited universities are accorded the same I-17 rights and SEVIS access as accredited universities.

Furthermore, Petitioners seek to enjoin Respondents from holding up the designation of Petitioner HERGUAN's two (2) other DSO's.

This court has jurisdiction of this action pursuant to 28 U.S.C. § 2201, et seq., 28 U.S.C. 1331, and 5 U.S.C. 701, et seq., and this action is timely under 28 U.S.C. § 2401.  Venue is proper under 28 U.S.C. §1391(a) in that Petitioners are located in this District, and the violations complained of are occurring in this district.

## PRAYER FOR RELIEF

Petitioner respectfully requests this court:

a)    To grant Petitioner's Motion for Temporary Restraining Order and hold the Notice of Intent to Withdraw in abeyance and enjoin Respondents from proceeding further with the withdrawal process until criminal proceedings have been completed.

b)    To enjoin Respondents ICE and SEVP from denying Mr. Jerry Yun Fei Wang access and use of his SEVP ID and Password.

c)    To enjoin Respondents from denying DSO designation for Kalpana Wunnava and Marylou Bernales and from refusing to update Petitioner's SEVP information.

c)    To enter judgment in favor of Petitioner against Respondents and order

Respondents to pay to Petitioner all attorney fees and costs incurred herein.

d)    To grant all other relief as law and justice may require and may be appropriate.

Respectfully Submitted,

Dated: August 22, 2012

DAVID L. ROSS
Attorney for Petitioners

# DECLARATION OF DAVID L. ROSS

DAVID L. ROSS declares under penalty of perjury as follows:

1.    I am the attorney representing Petitioners, HERGUAN UNIVERSITY and

JERRY YUN FEI WANG in the matter of the I-17 Notice of Intent to Withdraw

and DSO operations.

2.    This Declaration is based upon my personal knowledge, information and belief. If

called as a witness and placed under oath, I could and would testify thereto.

3.    I hereby attest that the facts set forth in Petitioner's Motion for Temporary

Restraining Order are presented in Exhibits 1 - 4.

4.    I gave notice to opposing counsel of the filing of the Motion for Temporary

Restraining Order concurrent with the Motion for Temporary Restraining Order.

Executed under penalty of perjury this 22 day of August, 2012, at San Jose,

California.

DAVID L. ROSS, ESQ.

- 7 -

1

2

3

4

5

**UNITED STATES DISTRICT COURT**

6

**NORTHERN DISTRICT OF CALIFORNIA**

7

8  HERGUAN UNIVERSITY, and     )    Case No.

9  JERRY YUN FEI WANG       )
                               )

10       Petitioner,        )    **[*PROPOSED*] ORDER GRANTING**

11                        )    **PLAINTIFF'S MOTION FOR**
                       )    **TEMPORARY RESTRAINING ORDER**

12      v.              )

13                        )

14 IMMIGRATION AND CUSTOMS   )

15 ENFORCEMENT (ICE), AND STUDENT )
AND EXCHANGE VISITOR PROGRAM )

16 (SEVP)                     )

17       Respondents.      )
                       )

18

19      IT IS SO ORDERED that Petitioner's Motion for Temporary Restraining Order be

20 granted.  The terms of this order are as follows:

21     1)   To grant Petitioner's Motion for Temporary Restraining Order and hold the

22        Notice of Intent to Withdraw in abeyance and enjoin Respondents from

23        proceeding further with the withdrawal process until criminal proceedings have

24

25        been completed.

26     2)   To enjoin Respondents ICE and SEVP from denying Mr. Jerry Yun Fei Wang

27        access and use of his SEVP ID and Password.

28

3)  To enjoin Respondents from denying DSO designation for Kalpana Wunnava and

Marylou Bernales and from refusing to update Petitioner's SEVP information.

4)  To enter judgment in favor of Petitioner against Respondents and order

Respondents to pay to Petitioner all attorney fees and costs incurred herein.

5)  To grant other relief as follows: _____

_____

IT IS SO ORDERED.

Dated: _____               _____
                                      THE HONORABLE JUDGE
                                      UNITED STATES DISTRICT COURT

1

2

## PROOF OF SERVICE

3

4

5

6          I hereby declare that I served a copy of the **Declaratory and Mandamus action,**

7   **Petitioner's Ex Parte Application to Hear Temporary Restraining Order; Notice of**

8   **Temporary Restraining Order; Motion for Temporary Restraining Order; Declaration of**

9   **David L. Ross, Esq., and [Proposed] Order** this 22 day of August, 2012 on the following

10  person/entity by personal service:

11

12

13  United States Attorney's Office
    Northern District of California
14  150 Almaden Blvd.   Suite 900
    San Jose, CA 95113
15

16  Dated this 22 day of August, 2012

17                                              DAVID L. ROSS

18

19

20

21

22

23

24

25

26

27

28