UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA

**STANDING ORDER FOR CIVIL PRACTICE IN
CASES ASSIGNED FOR ALL PURPOSES TO
MAGISTRATE JUDGE PAUL S. GREWAL**
(December 2010)

The parties shall follow the General Orders of the Court for the Northern District of California, the Local Rules, and the Federal Rules of Civil Procedure, except as expressly modified herein. Failure to comply with any of the rules and orders may be deemed sufficient grounds for monetary sanctions, dismissal, entry of default judgment, or other appropriate sanctions. The rules and the court's general orders are supplemented and modified as follows:

I. **CASE MANAGEMENT CONFERENCE**

A Case Management Conference will be held 2:00 p.m. on the date set forth in the "Order Setting Initial Case Management Conference and ADR Deadlines" that is issued when the case is filed. The Case Management Conference will be held in Courtroom 5, United States Courthouse, 280 South First Street, San Jose, CA 95113. This conference may be continued only on order of the Court; parties may not stipulate to continue a case management conference without leave from the Court.

II. **MOTION PRACTICE**

A. **Discovery Motions.** All parties who want their discovery motions before Magistrate Judge Grewal to be heard on shortened time may serve and file along with their discovery motion, either: (1) a stipulation of the parties pursuant to Local Rule 6-2; or (2) a motion to shorten time under Civil Local Rule 6-3. Otherwise, all discovery matters shall be noticed in accordance with Civil Local Rule 7-2. Upon receipt of the moving papers, this court may in its discretion modify the briefing and hearing schedule.

B. **Law and Motion Calendar.** Magistrate Judge Grewal's Civil Law and Motion calendar is heard every Tuesday at 10:00 a.m.

C. **Dispositive Motions.** If, before the Case Management Conference, any party files a motion that cannot be heard by the magistrate judge without the consent of the parties (*see* 28 U.S.C. section 636(c)), then within five (5) court days all parties who have not yet done so shall file either a "Consent to Proceed Before a United States Magistrate Judge," or else a "Declination to Proceed Before a United States Magistrate Judge and Request for Reassignment." Both forms are available from the clerk of the court, or from the Forms (Civil) section of the court's website at www.cand.uscourts.gov. **Magistrate Judge Grewal will not hear argument on dispositive motions without affirmative, written consents.**

III.   **EFFECT OF REASSIGNMENT TO A DISTRICT COURT JUDGE**

In the event a case that is originally assigned to Magistrate Judge Grewal is later reassigned to a District Court Judge in the San Jose Division, and unless otherwise ordered by the court, the case will remain assigned to Magistrate Judge Grewal for all discovery matters.

IV.   **TRIAL PRACTICE (FOR COURT OR JURY TRIAL AS APPLICABLE)**

A.   **Ten (10) Court Days Prior to the Pretrial Conference.**

Unless otherwise ordered, if the trial will be a jury trial, the parties shall exchange (but not file) their respective proposed jury instructions in order to begin preparing the joint set of jury instructions required by section IV.B.5., below.

Unless otherwise ordered, the parties shall serve and file (or lodge, if so specified) the following documents:

1.   **Trial Briefs.**

2.   **Motions *In Limine.***

3.   **Depositions and Discovery Responses.** One copy of any deposition transcripts and any other discovery responses either party intends to offer as evidence, other than solely for impeachment or rebuttal, shall be lodged (not filed) with the court. The parties shall highlight the pertinent portions of the deposition transcripts and discovery responses.

4.   **Proposed Voir Dire Questions (Jury Trials Only).** Proposed voir dire questions shall be filed with the court. The examination of trial jurors shall be conducted by the Magistrate Judge. The court will also allow limited follow up voir dire by attorneys. Juror questionnaires are permitted in limited situations. If the parties wish to submit juror questionnaires, the parties must contact the court well in advance of the pretrial conference to discuss procedures.

5.   **Form of Verdict (Jury Trials Only).** In addition to the paper copy, each party shall also file a proposed form of verdict.

6.   **Proposed Findings of Fact and Conclusions of Law (for Non-Jury Trials Only).** In addition to the paper copy, each party shall also file Proposed Findings of Fact and Conclusions of Law.

7.   **Joint Pretrial Statement.** The Joint Pretrial Statement shall include the following:

a. **Substance of the Action.** A brief description of the general nature of the action.

b. **Stipulations, Agreed Statement and Undisputed Facts.** A statement of: (I) any stipulations requested or proposed for pretrial or trial purposes; (ii) whether all or part of the action may be presented upon an agreed statement of facts; and (iii) all relevant facts not reasonably in dispute, as well as any facts to which the parties will stipulate for the trial record without the necessity of supporting testimony or exhibits.

c. **Disputed Factual Issues.** A plain and concise statement of all disputed factual issues which remain to be decided.

d. **Disputed Legal Issues.** Without extended legal argument, a plain and concise statement of each disputed point of law concerning liability, relief, procedure and/or evidence. (When appropriate, full legal argument with citations to statutes and case law should be submitted by way of a Trial Brief.)

e. **Deposition Excerpts and Discovery Responses.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of any deposition testimony (by page and lines) or other discovery responses that each party may offer as evidence at trial, other than solely for impeachment or rebuttal.

f. **Witnesses to be Called.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of the name of each witness each party expects to call at trial, other than solely for impeachment or rebuttal, together with a brief statement following each name describing the substance of the testimony to be given. Each party shall separately identify those witnesses whom the party expects to call and those witnesses whom the party may call if the need arises.

g. **Exhibits, Schedules and Summaries.** Pursuant to Fed.R.Civ.P. 26(a)(3), a list of all documents and other items to be offered as exhibits at the trial, other than solely for impeachment or rebuttal. Each item on the list shall be identified by an exhibit number, followed by a brief statement describing its substance or purpose, and the identity of the sponsoring witness. The parties must meet and confer on a division of exhibit numbers which will avoid duplication of numbering. If possible, parties should stipulate to the authenticity and admissibility of exhibits prior to trial. **Any disputes regarding the authenticity and/or admissibility of any exhibits must be brought to the court's attention no later than the Pretrial Conference, or the objections will be deemed waived.**

h. **Relief Prayed.** A detailed statement of all the relief claimed,

3

particularly itemizing all elements of damages claimed as well as witnesses, documents or other evidentiary material to be presented concerning the amount of those damages.

   i. **Estimate of Trial Time.** An estimate of the number of court days needed for the presentation of each party's case, indicating any possible reductions in time through proposed stipulations, agreed statements of facts, or expedited means of presenting testimony and exhibits.

   j. **Amendments, Dismissals.** A statement of any requested or proposed amendments to pleadings or dismissals of parties, claims or defenses.

   k. **Settlement Discussion.** A statement indicating whether further settlement negotiations would likely be productive.

   l. **Miscellaneous.** A statement describing any other subjects relevant to the trial of the action or material to its just, speedy, and inexpensive determination.

 **B.** **Five (5) Court Days Prior to the Pretrial Conference.**

Unless otherwise ordered, the parties shall serve and file the following not less than five (5) court days prior to the pretrial conference.

  1. **Oppositions to Motions *In Limine*.**

  2. **Objections to the use of Deposition Excerpts or other Discovery Responses.** Unless otherwise ordered, any objections to excerpts from depositions, or other discovery responses, designated in the Joint Pretrial Statement shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding any such objections.

  3. **Counter-Designations.** In the event a party contends that a deposition excerpt or other discovery response is incomplete without inclusion of addition deposition excerpts or other discovery responses, the party shall file a counter-designation listing any additional deposition testimony (by page and lines) or other discovery responses it contends are necessary for a complete and fair record. Any objections to the counter-designations shall be served (by mail and electronically, such as by email attachment or fax) and filed the day before the Pretrial Conference (the after-hours drop box may *not* be used for this filing).

  4. **Objections to Voir Dire and Verdict Forms.** Unless otherwise ordered,

any objections to use of proposed voir dire or verdict forms shall be filed in writing, along with a certification that counsel conferred with opposing counsel regarding such objections.

5. **Jury Instructions (Jury Trials Only).** The court has a standard set of preliminary instructions which will be given at the beginning of trial and standard closing instructions which will be given prior to closing argument based upon the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT. The parties should *not* submit preliminary or closing instructions.

The parties shall file a **joint** set of all proposed substantive instructions, unless specific leave to the contrary is granted by the Court. The Court prefers parties to use the MODEL JURY INSTRUCTIONS OF THE NINTH CIRCUIT or CALIFORNIA JURY INSTRUCTIONS, modified and supplemented as necessary. The parties shall also submit to the court: 1) an electronic copy of all proposed instructions, either on fixed media such as a CD Rom disk, and 2) an additional copy of the proposed jury instructions in a three-ring binder for the court's use.

In the event parties are unable to agree on the language of a particular instruction, the objecting party shall submit an alternative instruction, placed immediately following the instruction to which an objection is being made, and a brief statement of the ground for the objection. **Challenged instructions must be clearly marked and identified.**

Each proposed instruction shall be written in plain language, comprehensible to jurors, concise and free from argument, cover only one subject which shall be indicated in the caption, and be written out in full on a separate page. On a separate page following each instruction, the parties must provide citation to the authority upon which each instruction is based.

*Paul S. Grewal*
Paul S. Grewal
United States Magistrate Judge

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

### U.S. MAGISTRATE JUDGE PAUL S. GREWAL
### SETTLEMENT CONFERENCE PROCEDURES

TO PLAINTIFF(S):

The Magistrate Judge requires that plaintiff serve copies of these procedures on all parties and file a certificate of service with the Court.  <u>If, for any reason your case should settle before the scheduled conference please notify the Magistrate Judge's staff immediately</u>.

TO ALL PARTIES AND COUNSEL OF RECORD:

Unless otherwise permitted in advance by the Court, counsel shall appear at the Settlement Conference <u>with the parties</u> or with the person or persons having full authority to settle the case.  Only in rare exceptional situations will the persons with full authority to settle be allowed to be on the telephone standby and then <u>only</u> with the permission of the Court.

At least five (5) court days before the Settlement Conference the parties shall lodge a Settlement Conference Statement with the Clerk's Office (Room 2112) where it will be forwarded to the Magistrate Judge.

Copies of the Settlement Conference Statements <u>shall not be served</u> upon the other parties or counsel.  The Court and its personnel <u>will not</u> permit other parties or counsel to have access to these statements.

The Settlement Conference Statement shall include the following:

1. A brief statement of the facts of the case.

2. A brief statement of the claims and defenses including statutory or other grounds upon which the claims and defenses are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

3. A summary of the proceedings to date including rulings on motions and motions outstanding.

4. An estimate of the cost and time to be expended for further discovery, pretrial and trial.

5. A brief statement of the parties' undisputed facts and issues.

6. Any discrete issues that, if resolved, would aid in the disposition of the case.

7. The relief sought.

8. The party's position on settlement, including present demands and offers and any history of past settlement discussion, offers and demands.

Dated: December 2, 2010

PAUL S. GREWAL
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

Case No. _____

**STANDING ORDER REGARDING**

**CASE MANAGEMENT IN CIVIL CASES**

This order sets forth requirements for initial case management in all civil matters assigned to District Judges Ronald M. Whyte, Jeremy Fogel, Lucy H. Koh, and Edward J. Davila, and Magistrate Judges Howard R. Lloyd and Paul S. Grewal. All papers filed must include the case number of the action followed by the initials of the assigned district judge or magistrate judge and, if applicable, the initials of the magistrate judge to whom the action is referred for discovery or other pretrial activity.

Plaintiff shall serve a copy of this Standing Order on all parties to this action and on all parties subsequently joined, in accordance with Fed.R.Civ.P. 4 and 5. Following service, plaintiff shall file a certificate of service in accordance with Civil L.R. 5-6(a).

All disclosure or discovery disputes in cases assigned to district judges are referred to the assigned magistrate judge for determination pursuant to Fed.R.Civ.P. 72(a). Magistrate judges themselves handle disclosure and discovery disputes in the cases assigned to them.

Before selecting a hearing date for a motion before any of the judges of the San Jose Division, counsel must confer with opposing counsel to determine that the proposed hearing date will not cause undue prejudice.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Whyte may be noticed for hearing on any Friday at 9:00 a.m.

Civil motions under Civil L.R. 7-2 in cases assigned to Judge Fogel may be noticed for hearing only after contacting Judge Fogel's administrative law clerk, Christian Delaney, at 408-535-5426 and obtaining an available date.

1      Civil motions under Civil L.R. 7-2 in cases assigned to Judge Koh may be noticed for
2  hearing only after contacting Judge Koh's Courtroom Deputy, Martha Parker Brown, at 408-535-
3  5346 and obtaining an available date.
4      Civil motions under Civil L.R. 7-2 in cases assigned to Judge Davila may be noticed for
5  hearing only after contacting Judge Davila's Courtroom Deputy, Elizabeth Garcia, at 408-535-5356.
6      Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Lloyd may be
7  noticed for hearing on any Tuesday at 10:00 a.m.
8      Civil motions under Civil L.R. 7-2 in cases assigned to Magistrate Judge Grewal may be
9  noticed for hearing on any Tuesday at 2:00 p.m.
10     Pursuant to Fed.R.Civ.P. 16 and 26 and Civil L.R. 16-10(a), a Case Management Conference
11 will be held on _____ at _____, at the United States
12 Courthouse, 280 South First Street, San Jose, California.  This conference may be continued only by
13 court order pursuant to Civil L.R. 16-2(e).  Parties may not stipulate to continue a Case
14 Management Conference without court approval.
15     Pursuant to Civil L.R. 16-3, in advance of the Case Management Conference, counsel shall
16 confer with their respective clients and opposing counsel for the purposes specified in Fed.R.Civ.P.
17 26(f), Civil L.R. 16-8 and 16-9, and in patent cases, Patent L.R. 3-1 through 3-6.  A meaningful meet
18 and confer process prior to the Case Management Conference and good faith compliance with the
19 requirements of this Order are essential elements of effective case management.  Failure to meet and
20 confer, to be prepared for the Case Management Conference or to file a Joint Case Management
21 Conference Statement may result in sanctions. Parties may, but are not required, to attend the Case
22 Management Conference.
23     In all "E-filing" cases when filing papers in connection with any motion for determination by
24 a judge, the parties shall, in addition to filing papers electronically, lodge with chambers a printed
25 copy of the papers by the close of the next court day following the day the papers are filed
26 electronically.  These printed copies shall be marked "Chambers Copy" and shall be submitted to the
27 Clerk's Office, in an envelope clearly marked with the Judge's name, case number and "E-filing
28

1  Chambers Copy."  Parties shall not file a paper copy of any document with the Clerk's Office that
2  has already been filed electronically.
3      IT IS SO ORDERED.
4  Dated: June 6, 2011

_____
Ronald M. Whyte
United States District Judge

_____
Jeremy Fogel
United States District Judge

_____
Lucy H. Koh
United States District Judge

_____
Edward J. Davila
United States District Judge

_____
Howard R. Lloyd
United States Magistrate Judge

_____
Paul S. Grewal
United States Magistrate Judge

SAN JOSE DIVISION
STANDING ORDER REGARDING CASE MANAGEMENT IN CIVIL CASES