United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HERGUAN UNIVERSITY, ET AL., Plaintiffs, v. IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), ET AL., Defendants. | Case No.: C 12-04403 PSG **ORDER DENYING PLAINTIFFS' MOTION FOR TEMPORARY RESTRAINING ORDER** **(Re: Docket No. 1)** |

Plaintiffs Herguan University (the "University") and Jerry Yun Fei Wang ("Wang") (collectively, "Plaintiffs") move for a temporary restraining order. Defendants Immigration and Customs Enforcement ("ICE") and Student and Exchange Visitor Program ("SEVP") (collectively, "Defendants") oppose the motion. Earlier this afternoon, the parties appeared for hearing.[1] Having reviewed the papers and considered the arguments of counsel,

IT IS HEREBY ORDERED that Plaintiffs' motion for TRO is DENIED.

In a predecessor case, Judge Davila clearly articulated the legal standards applicable to a TRO motion,[2] and the court will not repeat them here. Nor will the court repeat the background provided by Judge Davila in his order. Turning to the merits of the pending motion in this case, at

[1] Pursuant to 28 U.S.C. §636(c)(1), the parties have consented to magistrate judge jurisdiction. *See* Docket Nos. 4 and 7.

[2] *See Herguan University, et al. v. Immigration and Customs Enforcement, et al.*, Case No. C 12-04364 EJD, Docket No. 9.

United States District Court
For the Northern District of California

this preliminary stage of the case, and on the very limited record assembled to date, the court is not persuaded that any TRO is warranted. Plaintiffs have not established that they are likely to succeed on the claim that Defendants have violated rights redressible under the Administrative Procedure Act by terminating Wang's SEVIS ID and password prior to withdrawal of the University's I-17 certification. Even if this termination were a "final agency action,"[3] the regulation at issue gives the government discretion to terminate access on the date it sees fit.[4] While this discretion may not be exercised arbitrarily, unconstitutionally or otherwise in violation of the APA,[5] Plaintiffs have not yet shown any evidence suggesting this was the case. Wang is under federal indictment based on activities squarely implicated by SEVIS, and the University is at the heart of the charges for which the grand jury and the court have found probable cause. The same is true regarding Plaintiffs' claim challenging the 30-day response period to the government's Notice of Intent to Withdraw. Nor have Plaintiffs established any likelihood of success on their mandamus claim. This writ applies only to ministerial actions, and the discretion plainly provided by regulation renders the writ inapplicable.[6] As for Plaintiffs' claim under the Declaratory Judgment Act, "the Declaratory Judgment Act does not itself confer federal subject-matter jurisdiction."[7] Under these circumstances, the court cannot say that the degree of irreparable harm Plaintiffs may suffer is so great that it compensates on the Ninth Circuit's "sliding scale" standard.[8]

---

[3] *See Norton v. S. Utah Wilderness Alliance*, 542 U.S. 55, 61-62 (2004) (quoting 5 U.S.C. §704).

[4] *See* 8 C.F.R. 214.4(i)(2) ("In most situations, SEVP will not determine a SEVIS access termination date for that school until the appeals process has concluded and the initial denial or withdrawal has been upheld unless a school whose certification is withdrawn or whose recertification is denied is suspected of criminal activity or poses a potential national security threat.").

[5] *See* 5 U.S.C. §706.

[6] *See Patel v. Reno*, 134 F.3d 929, 931 (9th Cir. 1998) ("Mandamus is an extraordinary remedy and is available to compel a federal official to perform a duty only if: (1) the individual's claim is clear and certain; (2) the official's duty is nondiscretionary, ministerial, and so plainly prescribed as to be free from doubt, and (3) no other adequate remedy is available.").

[7] *See, e.g., Nationwide Mutual Insurance Company v. Liberatore*, 408 F.3d 1158, 1161 (9th Cir. 2005).

[8] *See Alliance For The Wild Rockies v. Cottrell*, 632 F.3d 1127, 1131 (9th Cir. 2011).

IT IS FURTHER ORDERED that the parties shall meet and confer on a briefing and hearing schedule on any preliminary injunction motion Plaintiffs intend to file and any discovery that might need to be taken. If an agreement on these matters cannot be reached, the parties shall submit a single, joint filing outlining their respective proposals.

**IT IS SO ORDERED.**

Dated: 8/22/2012

PAUL S. GREWAL
United States Magistrate Judge