UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| HERGUAN UNIVERSITY, ET AL., | Case No.: C 12-04403 PSG |
| Plaintiffs, | **ORDER DENYING PLAINTIFFS' MOTION FOR RECONSIDERATION** |
| v. | |
| IMMIGRATION AND CUSTOMS ENFORCEMENT (ICE), ET AL., | (Re: Docket No. 14) |
| Defendants. | |

After the court issued an order on August 22, 2012 denying Plaintiffs Herguan University (the "University") and Jerry Yun Fei Wang's ("Wang") (collectively, "Plaintiffs") motion for a temporary restraining order,[1] they requested and were granted leave to file a motion for reconsideration.[2] Defendants Immigration and Customs Enforcement ("ICE") and Student Exchange Visitor Program ("SEVP") (collectively, "Defendants") oppose the motion. Pursuant to Civ. L.R. 7-1(b), the motion is taken under submission without oral argument. Having reviewed the papers and considered the additional arguments of counsel,

IT IS HEREBY ORDERED that Plaintiffs' motion for reconsideration is DENIED.

In the August 22 order, the court found that Plaintiffs had not established that they are likely to succeed on their claim that Defendants have violated rights redressible under the

---

[1] *See* Docket No. 11.

[2] *See* Docket No. 13.

1

Case No.: C 12-4403 PSG
ORDER

Administrative Procedures Act ("APA") by terminating Wang's SEVIS ID and password prior to withdrawal of the University's 1-17 certification because even if the termination was a "final agency action," the regulation at issue provides the government discretion to terminate access as it sees fit. Plaintiffs contend that Congress has not provided ICE and SEVP with such discretionary power, and that even if it did (1) the court has jurisdiction to review termination under the APA because the regulations provide for a meaningful standard of review; and (2) until the I-17 certification is withdrawn, ICE and SEVP cannot exercise any discretionary power. Plaintiffs also contend that Defendants' failure to accept their DSO designates falls under the purview of a mandamus action because more than 15 months have elapsed since the request was made, and no response has been given.

Defendants respond that Plaintiffs have conflated the regulation, 8 C.F.R. §214.3(1)(2), that grants SEVP discretion to withdraw a school's prior DSO designation with the regulation, 8 C.F.R. §214.4(i)(2), that governs the process when SEVP certification is withdrawn or relinquished. Because the Notice of Intent to Withdraw ("NOIW") was just issued on August 2, 2012, and the University's response is not due until September 4, 2012, Defendants reiterate that SEVP has not issued a final decision, yet ripe for review. Defendants also respond that Plaintiffs have cited no legal authority granting the court power to order SEVP to respond within a certain timeframe. And Defendants note that Plaintiffs have made no mention of their claim under the Declaratory Judgment Act. Defendants therefore conclude that Plaintiffs are unable to meet any of the requirements for securing reconsideration of the August 22 order.

The court agrees with Defendants. The additional briefing does not establish any more of a likelihood of success by Plaintiffs under the APA or on their mandamus claim than the underlying motion for a temporary restraining order did. While Plaintiffs may be correct that the government's discretion under 8 C.F.R. § 214.4(i)(2) is not applicable until after withdrawal of the I-17 is complete, they do not address the discretion afforded to the government elsewhere – e.g., 8 C.F.R. § 214.3(e)(2) – or establish that such discretion was exercised unlawfully. The fact remains that the University and its SEVIS activities are squarely implicated in an indictment essentially alleging fraud on a substantial scale.

2
Case No.: C 12-4403 PSG
ORDER

The court reiterates its invitation for the parties to meet and confer on a briefing and hearing schedule on any preliminary injunction motion Plaintiffs intend to file and any discovery that might need to be taken. If an agreement on these matters cannot be reached, the parties shall submit a single, joint filing outlining their respective proposals.

**IT IS SO ORDERED.**

Dated: 8/28/2012

PAUL S. GREWAL
United States Magistrate Judge